**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1330**

PROSPERE CHI ADEMBUH, a/k/a Francis Chubo,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-977-582)

Submitted: November 6, 2007          Decided: January 7, 2008

Before MICHAEL and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, BEACH-OSWALD, Washington, D.C., for Petitioner. M. Jocelyn Lopez Wright, Assistant Director, Brianne Whelan, Trial Attorney, Office of Immigration Litigation, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Prospere Chi Adembuh, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's decision denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Adembuh claims the Board erred in finding his asylum application was filed late. He further claims the Board's factual findings are not supported by substantial evidence. He also claims the Board's finding that his asylum application was frivolous is not supported by the evidence. We deny the petition for review.

An alien applying for asylum must show "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B) (2000). The one-year period begins on the date of the alien's last arrival in the United States or April 1, 1997, whichever is later. 8 C.F.R. § 1208.4(a)(2)(ii) (2007). An asylum application may be considered after the one-year time frame "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified." 8 U.S.C. § 1158(a)(2)(D). Extraordinary circumstances are "events or

factors directly related to the failure to meet the 1-year deadline" and may include ineffective assistance of counsel "provided that" the alien complies with the requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988), including the requirement that "[t]he counsel whose integrity or competence is being impugned has been informed of the allegations leveled against him or her and given an opportunity to respond." 8 C.F.R. § 1208.4(a)(5) (2007).

Under 8 U.S.C. § 1158(a)(3) (2000), "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," which includes both the Attorney General's decisions whether an alien has complied with the one-year time limit and whether there are changed or extraordinary circumstances excusing the untimeliness. Courts of appeal have uniformly held this jurisdiction-stripping provision precludes judicial review not only of all such determinations but also the merits of the underlying asylum claim. See Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151 (2d Cir. 2006) (collecting cases). We find we are without jurisdiction to review Adembuh's challenge to the finding that his asylum application was untimely.

"To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13

(4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). To qualify for protection under the CAT, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). Factual findings by the Board or the immigration judge "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2000). Furthermore, credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotations and citations omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538. We find after reviewing the record that substantial evidence supports the Board's denial of Adembuh's request for withholding from removal and relief under the CAT. We

further find substantial evidence supports the Board's frivolousness finding.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED